UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAREN SINCLAIR, individually and as Guardian Ad Litem for K.S. and J.A., minor children, and JULIAN AL-GHAMDI,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF GRANDVIEW, a municipal corporation in the State of Washington; Detectives MICHAEL AKINS, Sergeant KAL FULLER, Officers JOHN ARRAJ, RICK ABARCA, MITCH FAIRCHILD, KEVIN GLASENAPP, TRAVIS SHEPHARD and SETH BAILEY; members of the Grandview Police Department; Sheriff Deputy ROBERT TUCKER, Yakima County Sheriff's Department; L.E.A.D. TASK FORCE OF YAKIMA COUNTY; supervisor ALBERT ESCALERA; Officer MARK NEGRETE of the Selah Police Department and THERESE MURPHY, former Yakima County Prosecutor<br><br>    Defendants. | NO.  CV-12-3041-RMP<br><br>ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER |

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 1

On November 2, 2012 Plaintiffs and Defendants, City of Grandview, Michael Akins, Kal Fuller, John Arraj, Rick Abarca, Mitch Fairchild, Kevin Glasenapp and Seth Bailey, by and through their attorneys, agreed and stipulated pursuant to FRCP 29, to a protective order regarding certain "Protected Documents." Accordingly**, IT IS HEREBY ORDERED**:

1. The parties' Stipulated Motion for Protective Order, **ECF No. 45**, is **GRANTED**.

2. Plaintiffs' attorneys and Plaintiffs will not disclose or share any part of the "Protected Documents" described below or any information gleaned from said documents with any person, except as expressly provided herein.

3. The Protected Documents covered by the Stipulation and this Order of the court are described as follows:

    a. All records contained in the personnel files and disciplinary files for Michael Akins, Kal Fuller, John Arraj, Rick Abarca, Mitch Fairchild, Kevin Glasenapp and Seth Bailey as may be disclosed by said Defendants to Plaintiffs pursuant to Plaintiffs First Requests for Production to City of Grandview;

    b. All psychological, psychiatric or polygraph records for Michael Akins, Kal Fuller, John Arraj, Rick Abarca, Mitch Fairchild, Kevin Glasenapp and Seth Bailey as may be disclosed by said Defendants to Plaintiffs pursuant to Plaintiffs First Requests for Production to City of Grandview;

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 2

4. Plaintiffs' attorneys agree that prior to any disclosure of Protected Documents as described in this Stipulation and the subsequent Order, they will obtain from each proposed recipient of the Protected Documents their signature on a copy of the Protective Order that states that the recipient has received a copy of the Protective Order regarding the Protected Documents and agrees to be bound by such order. By signing a copy of the Protective Order the recipient agrees that he or she has read the order, represents that he or she is a person permitted to have access to information from the Protected Documents and agrees that he or she will make no further disclosure of the information received, will personally protect the confidentiality of all copies and will either return them to Plaintiffs' attorneys at the conclusion of this case, or will at that time personally destroy them and upon request from Defendants will provide a sworn affidavit that he or she has done so.

5. Subject to the terms of this Stipulation and subsequent Order, Plaintiffs' attorneys may allow inspection of Protected Documents or discuss the contents of Protected Documents or information therefrom with the following categories of persons and no other:

    a. The attorneys and members of the legal and support staff of Plaintiffs' attorneys' office;

    b. Experts, consultants or investigators retained by Plaintiffs' attorneys to assist in evaluation, preparation or testimony in this case;

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 3

        c.      Any court personnel, court reporter, mediator, judge and or jury in this case;

        d.      Any party or their designated representatives;

        e.      Any actual or potential witness who it is believed will give relevant testimony regarding the confidential materials;

        f.      Any person testifying at a deposition who is believed will give relevant testimony regarding the confidential materials; and

        g.      Any person identified as having authored or previously received the material.

6.      If and only if a party seeks to use Confidential Material in a pleading the document(s) designated Confidential according to this Stipulated Protective Order and those portions of any pleading that refer directly or indirectly such Confidential Material shall be filed separately under seal when the pleading is filed. Any document(s) filed under seal pursuant to this paragraph, must be accompanied by a motion to seal the document(s). Should the Court deny the motion to seal, any party shall have the opportunity to move to strike the document form the record. Documents filed as sealed by a party cannot remain sealed without further order of the Court because there is a strong presumption in favor of public access to court documents. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly a party seeking to seal a judicial record must so move the

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 4

Court and bears the burden of overcoming the presumption. *Kamakana,* 447 F.3d at 1178. In the case of documents filed in support of a dispositive motion, the "compelling reasons" standard applies, and "[t]he party must "articulate [ ] compelling reasons supported by specific factual findings… that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana,* 447 F.3d at 1178-79 (internal quotation omitted). With regard to nondispositive motions, "a particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material." *Kamakana,* 447 F.3d at 1180 (internal citations and quotations omitted).

7. The Plaintiffs' attorneys agree to use the Protected Documents or information obtained from them only for the purpose of prosecuting this litigation.

8. At the time of exchange of exhibit lists, the Plaintiffs shall list in the exhibit list for their case in chief any Protected Document they intend to use at the time of trial by designating the exhibit as a "PROTECTED DOCUMENT" in capital letters. The Defendants may request an in camera review of the exhibit and make the appropriate motion for the handling of the document at trial in accordance with the Jury Trial Scheduling Order.

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 5

9. Nothing in the Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its confidential information to any person.

10. The court retains jurisdiction to make any amendments, modifications or additions to the Protective Order as it deems appropriate.

11. The parties, by stipulation, may add additional documents to be covered by the Stipulation and subsequent Order signed by the court.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of December 2012.


                 *s/ Rosanna Malouf Peterson*
              ROSANNA MALOUF PETERSON
             Chief United States District Court Judge

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 6