1

2

3

4

5          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF WASHINGTON
6

7   KAREN SINCLAIR, individually and
    as Guardian Ad Litem for K.S. and J.A.,
8   minor children; and JULIAN AL-        NO:  CV-12-3041-RMP
    GHAMDI;
9                                          ORDER GRANTING IN PART
                            Plaintiffs,    DEFENDANT MARK NEGRETE'S
10                                         MOTION FOR SUMMARY
            v.                             JUDGMENT
11  CITY OF GRANDVIEW, a municipal
    corporation in the State of Washington,
12  et al.,
                            Defendants.
13

14

15      **BEFORE THE COURT** is a motion for summary judgment filed by

16  Defendant Mark Negrete, ECF No. 150.  The Court heard oral argument on the

17  motion.  Darryl Parker appeared on behalf of Plaintiffs, Karen Sinclair, Julian Al-

18  Ghadmi, and minor children K.S. and J.A.  Thomas P. Miller appeared on behalf of

19  Defendant Mark Negrete.  The Court has considered the briefing and supporting

20  documentation and is fully informed.


ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 1

1    BACKGROUND

2    The Court previously entered an Order granting in part a motion for

3    summary judgment filed by Defendants City of Grandview, Michael Akins, Kal

4    Fuller, John Arraj, Rick Abarca, Mitch Fairchild, Kevin Glasenapp, Travis

5    Shepard, Seth Bailey, Robert Tucker, and Therese Murphy ("City and County

6    Defendants").  The Court determined that all City and County Defendants except

7    for Detective Michael Akins were entitled to summary judgment on all of

8    Plaintiffs' claims against them.  ECF No. 175.

9    The Court further granted summary judgment in favor of Detective Akins on

10    all of Plaintiffs' claims except for those based on Detective Akins' act of obtaining

11    a warrant to search Plaintiffs' home for evidence of marijuana trafficking and for

12    malicious prosecution on a charge of marijuana trafficking.  ECF No. 175, at 52-

13    53.  The Court found that Plaintiffs successfully defended against summary

14    judgment on their claims that Detective Akins employed judicial deception in

15    obtaining the warrant for drug trafficking and engaged in malicious prosecution for

16    the same.

17    Defendant Negrete is represented by separate counsel and filed his own

18    motion for summary judgment.  The basic facts relevant to Defendant Negrete's

19    motion for summary judgment are set forth in the Court's order on the City and

20    County Defendants' motion for summary judgment.  ECF No. 175, at 2-12.  The

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 2

following supplemental facts are specific to Defendant Negrete's alleged culpability.

Detective Akins' search warrant affidavit included a recounting of a phone call that Detective Negrete states that he made on September 17, 2009. During the phone call, Mr. Al Ghamdi allegedly agreed to sell methamphetamine or cocaine to Detective Negrete, who was using an assumed identity. Detective Negrete testified at his deposition and in other declarative materials that he reviewed the portion of Detective Akins' search warrant affidavit relating to the phone call prior to Detective Akins' submitting the search warrant affidavit to the judge for approval. ECF No. 153, at 5; ECF No. 158, at 37-38; ECF No. 163-1, at 4.

Detective Negrete also explained that he entered Plaintiffs' home in the third or fourth position of the entry team when the search warrant was executed. ECF No. 153, at 5. Detective Negrete further explained that he kept his firearm in the "SUL position" [1] as he entered Plaintiffs' home and did not point his firearm at any of the Plaintiffs at any time. ECF No. 153, at 5. Detective Negrete declared that he did not see any of the officers pointing a weapon at Plaintiffs. ECF No. 153, at 6. Finally, Detective Negrete stated that he did not arrest or handcuff Plaintiffs and

---

[1] When a firearm is held in the "SUL position," the officer holds the weapon close to his chest with his index finger outside the trigger guard and the barrel facing down toward the ground. ECF No. 153 at 5-6.

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR SUMMARY JUDGMENT ~ 3

had no further involvement in the case following the execution of the search

warrant.  ECF No. 153, at 6.

Plaintiffs' Amended Complaint states causes of action against Detective

Negrete under 42 U.S.C. § 1983 for multiple alleged violations of their civil rights.

Specifically, Plaintiffs asserted claims relating to the issuance of the warrant to

search their home, the manner in which the search warrant was conducted, and the

subsequent arrests of Plaintiffs Mr. Al Ghamdi and Ms. Sinclair.  ECF No. 3, at

11-15.  Plaintiffs' Amended Complaint additionally lists a cause of action for

malicious prosecution.  ECF No. 3, at 15-16.  Plaintiffs' Amended Complaint

seeks compensatory and punitive damages.  ECF No. 3, at 19.  Detective Negrete

now moves for summary judgment on all of Plaintiffs' claims against him.

ANALYSIS

Summary judgment is appropriate when there are no genuine issues of

material fact and the moving party is entitled to judgment as a matter of law.

Federal Rule of Civil Procedure 56(a).  A "material" fact is one that is relevant to

an element of a claim or defense and whose existence might affect the outcome of

the suit.  *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630

(9th Cir. 1987).  The party asserting the existence of a material fact must show

"sufficient evidence supporting the claimed factual dispute  . . . to require a jury or

judge to resolve the parties' differing versions of the truth at trial."  *Id.* (quoting

1    *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).  The mere

2    existence of a scintilla of evidence is insufficient to establish a genuine issue of

3    material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

4         The moving party bears the initial burden of demonstrating the absence of a

5    genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323

6    (1986).  If the moving party meets this challenge, the burden then shifts to the non-

7    moving party to "set out specific facts showing a genuine issue for trial."  *Id.* at

8    324 (internal quotations omitted).  The nonmoving party "may not rely on denials

9    in the pleadings, but must produce specific evidence, through affidavits or

10   admissible discovery material, to show that the dispute exists."  *Bhan v. NME*

11   *Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).  In deciding a motion for

12   summary judgment, the court must construe the evidence and draw all reasonable

13   inferences in the light most favorable to the nonmoving party.  *T.W. Elec. Serv.*,

14   809 F.2d at 631-32.

15        The doctrine of qualified immunity protects government officials, including

16   police officers, from liability when their conduct "does not violate clearly

17   established statutory or constitutional rights of which a reasonable person would

18   have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified

19   immunity is "an immunity from suit rather than a mere defense to liability" and is

20   "effectively lost if a case is erroneously permitted to go to trial."  *Mitchell v.*

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 5

*Forsyth*, 472 U.S. 511, 526 (1985).  Thus, the court must resolve questions of qualified immunity "at the earliest possible stage in the litigation."  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

A police officer is entitled to qualified immunity in a § 1983 action unless (1) the facts, when taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right; and (2) the right was clearly established at the time of the alleged misconduct.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).

Detective Negrete asserts that he is entitled to qualified immunity on each of Plaintiffs' substantive claims against him, and that Plaintiffs may not seek punitive damages against Detective Negrete.  Each of these issues is examined in turn.

## A. Issuance of the search warrant

Plaintiffs previously contended that Detective Akins and Prosecutor Murphy employed judicial deception in obtaining the warrant to search Plaintiffs' home. Plaintiffs alleged that Detective Akins' revised search warrant affidavit contained numerous falsifications and omissions, including allegedly false statements by Detective Negrete, and that if the warrant were reformed to exclude the false information and to include the omitted information, the warrant affidavit would not

1    have established probable cause to search Plaintiffs' home for evidence of drug

2    trafficking.

3          To survive summary judgment on a claim of judicial deception, a plaintiff

4    must (1) make "a substantial showing of deliberate falsehood or reckless disregard

5    for the truth," and (2) "establish that but for the dishonesty, the challenged action

6    would not have occurred."  *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (per

7    curiam) (internal quotations and citations omitted); *see also KRL v. Moore*, 384

8    F.3d 1105, 1117 (9th Cir. 2004) (stating that a plaintiff "must show that the

9    defendant deliberately or recklessly made false statements or omissions that were

10   material to the finding of probable cause").  An officer would not be entitled to

11   qualified immunity on a judicial deception claim because "no reasonable officer

12   could believe that it is constitutional to act dishonestly or recklessly with regard to

13   the basis for probable cause in seeking a warrant."  *E.g., Butler*, 281 F.3d at 1024.

14   The Court previously found that Plaintiffs' claim of judicial deception survived

15   summary judgment as against Detective Akins,  but that Prosecutor Murphy was

16   entitled to summary judgment because Plaintiffs had not introduced any evidence

17   showing that Prosecutor Murphy would have known whether Detective Akins

18   provided false or misleading information in the warrant affidavit.  ECF No. 175, at

19   19-35.  The Court relies on its analysis in its previous order in finding, for the

20   purposes of this motion, that Plaintiffs have made a substantial showing that

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 7

Detective Akins' search warrant affidavit contained deliberately or recklessly made falsehoods or omissions that were material to a finding of probable cause to search Plaintiffs' home for evidence of drug trafficking.

In arguing against summary judgment on the instant motion, Plaintiffs contend that Detective Negrete assisted Detective Akins in allegedly employing judicial deception. Detective Akins' search warrant affidavit primarily focused on Plaintiffs' act of growing marijuana in their backyard, which arguably would have supported only a search warrant for evidence of manufacturing and possession of marijuana. Presumably to establish probable cause to search for evidence of drug trafficking, Detective Akins included statements from a citizen informant, statements from anonymous "neighbors in the area" about the volume of traffic at Plaintiffs' residence, and a recitation of the phone call Detective Negrete allegedly placed on September 17, 2009, during which Mr. Al Ghamdi allegedly agreed to sell drugs.

In opposition to the motion for summary judgment, Plaintiffs introduced deposition testimony from the citizen informant, Gloria Alaniz and her daughter, Josie Alaniz, directly contradicting many of the statements attributed to the citizen informant in the warrant affidavit, including that neither Gloria nor Josie had ever told Detective Akins that Plaintiffs had marijuana for sale. ECF No. 100-10; at 6, 8-9; ECF No. 141, at 12, 21. Further, Plaintiffs submitted the declarations of Ms.

1    Sinclair and Mr. Al-Ghamdi, ECF Nos. 103, 104, and the deposition testimony of

2    Detective Negrete, ECF No. 100-8, to demonstrate that the warrant contained

3    deliberate or reckless falsifications or omissions regarding Detective Negrete's

4    phone call.

5           Regarding the phone call, Detective Akins' search warrant affidavit stated

6    the following:

7           [O]n September 17, 2009, Detectie Negrete of the LEAD Task Force,
           acting in a[n] undercover capacity, called the ALGHAMDI and

8           SINCLAIR residence.  A person who identified herself as Karen
           (SINCLAIR) answered the phone.  Detective Negrete requested to

9           purchase drugs.  Karen stated that she would put Julian
           (ALGHAMDI) on the phone.  A person who stated that he was Julian

10          answered.  Detective Negrete, using an assumed identity, requested to
           purchase drugs.  Julian stated that they were out but would be re

11          supplying tomorrow afternoon and he would sell then.  Based on the
           conversation with Julian, the assumed identity Detective Negrete used

12          apparently used a drug other than marijuana.  Based on the
           conversation with Julian, Detective Negrete believes that Julian was

13          agreeing to sell methamphetamine or cocaine.

14   ECF No. 158, at 52.

15          However, Detective Negrete testified in his deposition that Detective Akins

16   had supplied him with a phone number and assumed identity and asked him to

17   purchase drugs.  ECF No. 100-8, at 21-24, 29.  Detective Negrete further testified

18   that he was not familiar with and had never met Plaintiffs at the time that he placed

19   the phone call, and did not know their voices.  ECF No. 100-8, at 7, 25-27, 33.

20   Detective Negrete acknowledged that it "could have been anybody" that he called

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 9

1    and that he did not actually know if the woman was Ms. Sinclair or the man was

2    Mr. Al-Ghamdi.  ECF No. 100-8, at 33.  Nor did either Ms. Sinclair or Mr. Al-

3    Ghamdi affirmatively identify themselves as stated in the warrant affidavit;

4    Detective Negrete instead testified that he asked for "Julian" when a female voice

5    answered the phone, and that he presumed that the man who came to the phone

6    was Julian Al-Ghamdi.  *Id.*

7           In addition, Detective Negrete admitted that he never attempted to purchase

8    drugs from Ms. Sinclair.  ECF No. 163-1.  It was not until after "Julian" was put on

9    the phone that Detective Negrete allegedly asked to purchase drugs.  ECF No. 100-

10   8, at 30.

11          Detective Negrete did not record the phone conversation and took no notes

12   of the conversation, even though the detective testified that it was often his practice

13   to do one or the other.  ECF No. 100-8, at 16-19, 32.  There were no witnesses to

14   Detective Negrete's phone call.  ECF No. 108, at 21.  Detective Negrete also could

15   not recall what phone number he called or what his assumed identity was, although

16   this point is hardly surprising given that his deposition occurred years after the

17   events in question.  Detective Negrete further testified at his deposition that there

18   was no discussion of the amount or price of the drugs, and that the planned

19   exchange never took place because the search warrant was served before the

20   arranged time for the alleged drug transaction.  ECF No. 100-8, at 31-32, 35.  For

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 10

their part, Ms. Sinclair and Mr. Al Ghamdi each declared that they have never

offered to buy or sell drugs and never received a phone call from anyone asking for

marijuana or other drugs.  ECF No. 103, at 2; ECF No. 104, at 5.

Plaintiffs' submissions establish a substantial showing of deliberate

falsehood or reckless disregard for the truth in that portion of Detective Akins'

search warrant affidavit relating to Detective Negrete's alleged phone call.  The

materiality of allegedly false statements or omissions is a matter for the court to

determine.  *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (citing

*KRL*, 384 F.3d at 1117).  Statements about offers to distribute drugs to other people

is material to establishing probable cause for a search warrant for evidence of drug

trafficking.  Detective Negrete testified that prior to Detective Akins' submitting

the search warrant affidavit for approval, Detective Negrete reviewed the portion

of Detective Akins' warrant affidavit relating to the September 17, 2009, phone

call, and did not make or suggest any changes.  ECF No. 153, at 5; ECF No. 158,

at 37-38; ECF No. 163-1, at 4.

Plaintiffs have made a substantial showing that Detective Negrete

deliberately or recklessly made false statements or omissions in the search warrant

affidavit that were material to the finding of probable cause to search Plaintiffs'

home for evidence of drug trafficking.  *See Butler*, 281 F.3d at 1024.  Therefore,

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 11

1    Detective Negrete is not entitled to summary judgment on Plaintiffs' claims of

2    judicial deception in obtaining the warrant to search Plaintiffs' home.

3        **B. Execution of the search warrant**

4            Plaintiffs also assert that the officers serving the search warrant on their

5    home failed to knock and announce their presence prior to entry and used

6    excessive force in the process of executing the search warrant and arresting

7    Plaintiffs, Mr. Al Ghamdi and Ms. Sinclair.  Plaintiffs allege that officers pointed

8    their guns at Plaintiffs during the entry into the home and that the officers tightly

9    handcuffed Mr. Al Ghamdi despite the handcuffs' causing pain in Mr. Al

10   Ghamdi's wrist due to a chronic condition.

11           The Court previously granted summary judgment in favor of the City and

12   County Defendants on this claim, finding that even when the facts were viewed in

13   the light most favorable to Plaintiffs, the Defendants' conduct did not amount to a

14   violation of a clearly established right.  ECF No. 175, at 35-44.

15           Detective Negrete testified that he did not point his weapon at any of the

16   Plaintiffs and was not involved in handcuffing any of the Plaintiffs.  ECF No. 153

17   at 5-6.  Plaintiffs do not allege any specific conduct on the part of Detective

18   Negrete in regards to their claims of excessive force.  In addition, even if Detective

19   Negrete momentarily pointed his gun at Ms. Sinclair or Mr. Al Ghamdi's body

20   upon entering the residence, such action would not amount to a clearly established

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 12

1    violation of Plaintiffs' rights as set forth in the Court's previous order on summary

2    judgment.  ECF No. 175, at 38-41.  Therefore, Detective Negrete is entitled to

3    summary judgment on the claim of excessive force.

4         Similarly, Detective Negrete is entitled to summary judgment on Plaintiffs'

5    claims that the officers failed to knock and announce their presence before entering

6    Plaintiffs' home.  As the Court previously ruled, even if Plaintiffs have succeeded

7    in raising a genuine issue of material fact as to whether officers knocked and

8    announced their presence prior to entry, the officers reasonably could have

9    believed that exigent circumstances justified a no-knock entry into Plaintiffs'

10   residence.  ECF No. 175, at 42-44.  Therefore, Detective Negrete is entitled to

11   qualified immunity on Plaintiffs' claims regarding the manner in which the search

12   warrant was executed.

13   **C. Plaintiffs' arrest**

14        Plaintiffs contend that they were arrested without probable cause, in

15   violation of the Fourth Amendment.  However, as explained in the Court's Order

16   regarding the City and County Defendants' motion for summary judgment, the

17   arresting officers had probable cause to believe that Mr. Al Ghamdi and Ms.

18   Sinclair were manufacturing and possessing marijuana in violation of Washington

19   law.  ECF No. 175, at 44-45.  Therefore, no constitutional violation occurred as a

20   result of Mr. Al Ghamdi and Ms. Sinclair's arrest, and Detective Negrete is entitled

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 13

to summary judgment on this claim.  *See Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946, 954 (9th Cir. 2010) (Fourth Amendment is not violated by arresting a suspect "so long as the arresting officers had probable cause to arrest the suspect for any criminal offense").

### D. Failure to Prevent Civil Rights Violations

Plaintiffs' Amended Complaint states a cause of action against all officer defendants, including Detective Negrete, for failing to prevent civil rights violations.  ECF No. 3, at 14-15.  Detective Negrete asserts that he is entitled to summary judgment on this claim because no constitutional violations occurred. Alternatively, Detective Negrete argues that even if his fellow officers committed constitutional violations, he did not observe such violations, and, thus, had no opportunity to intercede.

A police officer may be liable as a bystander for failing to intercede and prevent their fellow officers from violating a citizen's constitutional rights.  *See Ramirez v. Butte-Silver Bow Cnty.*, 298 F.3d 1022, 1029-30 (9th Cir. 2002). However, an officer must have the opportunity to intercede before he may be held liable under this theory.  *Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

The Court previously held that the other defendant officers were entitled to summary judgment on Plaintiffs' claims for failing to intercede, because the Court

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR SUMMARY JUDGMENT ~ 14

1  found that the only actionable civil rights violation was Detective Akins' alleged

2  judicial deception to obtain the search warrant, and the other officer defendants

3  would have had no way of knowing whether Detective Akins obtained the warrant

4  through judicial deception.  ECF No. 175, at 49-50.

5          Although Detective Negrete is entitled to summary judgment on this claim

6  as it relates to Plaintiffs' allegations of excessive force and false arrest, Detective

7  Negrete is not entitled to summary judgment on the claim of judicial deception

8  because he was involved in Detective Akins' obtaining the search warrant.

9          Unlike the other officer defendants, Detective Negrete was involved in the

10  investigation leading up to Detective Akins' search warrant application, including

11  making a telephone call under Detective Akins' direction, and reviewing at least

12  that part of Detective Akins' search warrant affidavit pertaining to the phone call

13  that he allegedly placed on September 17, 2009, during which Mr. Al Ghamdi

14  allegedly offered to sell drugs.  ECF No. 153, at 5; ECF No. 158, at 37-38; ECF

15  No. 163-1, at 4.  If this portion of the warrant affidavit about Detective Negrete's

16  own actions contained false or misleading information deliberately or recklessly

17  made, and Detective Negrete reviewed that portion of the search warrant affidavit

18  as he testified, then Detective Negrete could be liable for failing to intercede prior

19  to the obtaining and execution of the search warrant on Plaintiffs' home.  *Cf.*

20  *Ramirez*, 298 F.3d at 1029-30 (holding that an ATF agent could not be liable under

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 15

a theory of failing to intercede where the agent "was not aware that the warrant was defective until long after the search was completed").

Therefore summary judgment is denied as to Plaintiffs' claim that Detective Negrete failed to prevent the execution of an allegedly invalid search warrant. Summary judgment is granted on this claim against Detective Negrete as it relates to Plaintiffs' allegations of excessive force, failure to knock-and-announce, and false arrest.

### E. Malicious prosecution

Detective Negrete argues that he is entitled to summary judgment on Plaintiffs' claim of malicious prosecution. Plaintiffs have agreed that summary judgment is appropriate on this claim as to Detective Negrete. ECF No. 157, at 2, 14. Therefore, summary judgment is granted in favor of Detective Negrete on this claim.

### F. Punitive Damages

Plaintiffs' Amended Complaint seeks punitive damages against all individually named defendants, including Detective Negrete, for violations of their civil rights. ECF No. 3, at 19. Detective Negrete contends that Plaintiffs cannot meet the standard for imposing punitive damages in this case.

Punitive damages are available in a § 1983 action involving "malicious, wanton, or oppressive acts or omissions." *See Dang v. Cross*, 422 F.3d 800, 807

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR SUMMARY JUDGMENT ~ 16

(9th Cir. 2005).  If Plaintiffs are to succeed on their judicial deception claim at trial, they must demonstrate that the defendants "deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004).  Similarly, to succeed on their claim of failure to intercede against Detective Negrete, Plaintiffs would have to show that Detective Negrete knew that the search warrant was defective and failed to prevent the execution of an invalid warrant.  *See Ramirez*, 298 F.3d at 1029-30. To succeed on their punitive damages claim, Plaintiffs must prove similar actions.

In other words, the same evidence that Plaintiffs relied on in defending against summary judgment on their claim of judicial deception and failure to prevent a violation of Plaintiffs' civil rights raises a genuine issue of material fact as to whether the defendants acted in a malicious, wanton, or oppressive manner justifying punitive damages.   Were the jury to determine at trial that Detective Akins and Negrete deliberately or recklessly falsified or omitted information in the search warrant affidavit, the jury could further infer that the defendants' conduct was driven by the requisite motive or intent to support an award of punitive damages.  Therefore, summary judgment is denied as to Plaintiffs' claim for punitive damages at trial.

Accordingly, **IT IS HEREBY ORDERED** that Detective Negrete's Motion for Summary Judgment, **ECF No. 150**, is **GRANTED IN PART AND DENIED**

1  **IN PART**.  Summary judgment is denied as to Plaintiffs' claims of judicial

2  deception and failing to prevent civil rights violations, and further denied as to the

3  issue of punitive damages.  However, summary judgment is granted in favor of

4  Detective Negrete on all other claims asserted against him.

5       The District Court Clerk is directed to enter this Order and provide copies to

6  counsel.

7       **DATED** this 11th day of October 2013.

8

9                                    *s/ Rosanna Malouf Peterson*
                                   ROSANNA MALOUF PETERSON
10                                  Chief United States District Court Judge

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING IN PART DEFENDANT NEGRETE'S MOTION FOR
SUMMARY JUDGMENT ~ 18